IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

FILED
DEC 12 2025
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

JUDGE LIOI
MAG. JUDGE HENDERSON

CRISTIN D. TAYLOR, SR.,

    Plaintiff,

v.

Case No.: 5:25 CV 2704

AKRON POLICE DEPARTMENT;
OFFICER ALVATOREE;
OFFICER CANFIELD;
OFFICER CMUNT;
OFFICER DAVON FIELDS;
SERGEANT WOODIN;
OFFICER ORWICK;
OFFICER STIFF;
OFFICER WILLIAMS;
CITY OF AKRON;
MAYOR OF AKRON;
AKRON MUNICIPAL PROSECUTOR'S OFFICE,

    Defendants.

COMPLAINT FOR VIOLATION OF
CIVIL RIGHTS (42 U.S.C. § 1983)

JURY DEMAND

Plaintiff Cristin D. Taylor, Sr., brings this action against the Defendants and alleges as follows:

### I. JURISDICTION AND VENUE

1. This action arises under 42 U.S.C. § 1983 for the deprivation of rights secured by the United States Constitution.

2. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over related state-law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Northern District of Ohio under 28 U.S.C. § 1391(b) because all events giving rise to the claims occurred within this judicial district.

### II. PARTIES

4. Plaintiff, CRISTIN D. TAYLOR, SR., is a citizen of the United States and a resident of Akron, Ohio. Plaintiff appears *pro se*.

5. Defendant, AKRON POLICE DEPARTMENT, is the municipal law enforcement agency for the City of Akron.

6. Defendants, OFFICER ALVATOREE, OFFICER CANFIELD, OFFICER CMUNT, OFFICER DAVON FIELDS, SERGEANT WOODIN, OFFICER ORWICK, OFFICER STIFF, and OFFICER WILLIAMS (the "Officer Defendants"), were at all relevant times employed as police officers by the Akron Police Department and were acting under color of state law.

7. Defendant, CITY OF AKRON, is a municipal corporation organized under the laws of the State of Ohio.

8. Defendant, MAYOR OF AKRON, is the chief executive of the City of Akron and is sued in his official capacity.

9. Defendant, AKRON MUNICIPAL PROSECUTOR'S OFFICE, is the municipal entity responsible for prosecuting misdemeanors in Akron.

**III. FACTUAL ALLEGATIONS**

10. On December 16, 2023, Akron police officers responded to a reported incident outside a bar owned and operated by Plaintiff, located at or near 451 N. Main St., Akron, OH 44310.

11. Plaintiff stood at the entrance to his establishment and informed the officers that they could not enter the private premises without a warrant.

12. In defiance of Plaintiff's assertion of his constitutional rights, Sergeant Woodin forcibly tore open the door, and multiple officers entered the premises without a warrant and without a legally sufficient justification, such as exigent circumstances.

13. Following their unlawful entry, the Officer Defendants forcibly grabbed, punched, and kicked Plaintiff. The body-worn camera of Officer Cmunt captured footage of Officer Davon Fields kicking Plaintiff directly in the face.

14. As a direct result of the assault, Plaintiff sustained physical injuries. Emergency medical services (EMS) personnel photographed these injuries at the scene before transporting Plaintiff to Akron City Hospital for evaluation and treatment.

15. Following the incident, Plaintiff was charged in Akron Municipal Court, case no. 23CR08624, with hindering an inspection, obstructing official business, and resisting arrest.

16. The Officer Defendants prepared and submitted false and misleading official reports to conceal their misconduct and create a false narrative to justify their unlawful actions.

17. The Defendant, AKRON MUNICIPAL PROSECUTOR'S OFFICE, upon information and belief, knew that the officers' entry was unlawful. To conceal the constitutional violations, the Prosecutor's Office knowingly and intentionally advanced a pretextual legal theory based on irrelevant liquor laws to justify the officers' conduct.

18. This deliberate use of a baseless and fraudulent legal justification to the Akron Municipal Court was designed to hide evidence of the police misconduct and constitutes a fraud upon the court.

19. As a direct and proximate result of Defendants' actions, Plaintiff suffered physical injury, emotional distress, and humiliation, and was forced to close his business, resulting in a total loss of his livelihood and investment.

IV. CLAIMS FOR RELIEF

COUNT I: Unlawful Entry and Seizure (Fourth Amendment via 42 U.S.C. § 1983)
20. Plaintiff incorporates the preceding paragraphs by reference.
21. Defendants, by entering Plaintiff's private property without a warrant or legal justification and by seizing Plaintiff's person, violated his right to be free from unreasonable searches and seizures as secured by the Fourth Amendment.

COUNT II: Excessive Force (Fourth Amendment via 42 U.S.C. § 1983)
22. Plaintiff incorporates the preceding paragraphs by reference.
23. The physical force used against Plaintiff by the Officer Defendants was objectively unreasonable, excessive, and unnecessary under the circumstances, in violation of the Fourth Amendment.

COUNT III: Malicious Prosecution (Fourth and Fourteenth Amendments via 42 U.S.C. § 1983)
24. Plaintiff incorporates the preceding paragraphs by reference.
25. Defendants, including the Akron Municipal Prosecutor's Office, initiated and continued a criminal prosecution against Plaintiff without probable cause and with malice, based on fabricated evidence and a knowingly false legal pretext, which terminated in a manner indicating his innocence.

COUNT IV: Fabrication of Evidence and Conspiracy (Fourteenth Amendment via 42 U.S.C. § 1983)**
26. Plaintiff incorporates the preceding paragraphs by reference.
27. The Officer Defendants knowingly fabricated evidence, including false police reports, to create a basis for Plaintiff's unlawful arrest. The Akron Municipal Prosecutor's Office

furthered this deprivation by knowingly using this fabricated evidence and a fraudulent legal theory in court proceedings, in violation of his due process rights.

### COUNT V: Municipal Liability (Monell Claim via 42 U.S.C. § 1983)

28. Plaintiff incorporates the preceding paragraphs by reference.
29. The City of Akron and the Akron Police Department are liable for the constitutional violations because they were the result of an official policy, custom, or practice of failing to adequately train, supervise, and discipline its officers regarding the constitutional limits of their authority.

### COUNT VI: Prosecutorial Misconduct and Fraud Upon the Court

30. Plaintiff incorporates the preceding paragraphs by reference.
31. The Akron Municipal Prosecutor's Office, by knowingly presenting a false and pretextual legal theory to the judiciary to conceal police misconduct, engaged in bad faith and malicious conduct that is not protected by prosecutorial immunity, and perpetrated a fraud upon the court.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against all Defendants, jointly and severally, and award the following:

a. Compensatory damages in the amount of Thirty Million Dollars ($30,000,000.00);
b. Punitive damages against the individual Defendants in their individual capacities;
c. Reasonable attorney's fees and costs of this action pursuant to 42 U.S.C. § 1988; and
d. Any such other and further relief as the Court deems just and proper.

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: 12/12/2025

Respectfully submitted,

CRISTIN D. TAYLOR, SR., *Pro Se*
886 Concord Ave.
Akron, OH 44306
Phone: _____
Email: rubberman451@gmail.com