UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CRISTIN D. TAYLOR, SR., | ) | CASE NO. 5:25-cv-2704 |
| | ) | |
| Plaintiff, | ) | |
| | ) | CHIEF JUDGE SARA LIOI |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| AKRON POLICE DEPARTMENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This is a 42 U.S.C. § 1983 action filed by *pro se* plaintiff Cristin D. Taylor, Sr. ("Taylor") against the Akron Police Department, numerous named Akron police officers, the City of Akron, the Mayor of Akron, and the Akron Municipal Prosecutor's Office (collectively, "defendants"). (Doc. No. 1 (Complaint).) Before the Court is Taylor's motion for appointment of counsel. (Doc. No. 3 (Motion).) For the reasons that follow, the motion for appointment of counsel is **DENIED.**

**I.  BACKGROUND**

Taylor operates a bar located at or near 451 N. Main St. in Akron, Ohio. (Doc. No. 1 ¶ 10.) Taylor represents that on December 16, 2023, Akron police officers responded to an incident at his establishment. (*Id.*) Taylor refused the officers entrance, informing them that they could not enter his private premises without a warrant. (*Id.* ¶ 11.) Taylor alleges that one of the officers forced open the door and entered the establishment "without a warrant and without a legally sufficient justification[.]" (*Id.* ¶ 12.) Officers also allegedly "forcibly grabbed, punched, and kicked

Plaintiff." (*Id.* ¶ 13.) Taylor states that he sustained physical injuries and was transported to Akron City Hospital by emergency medical services. (*Id.* ¶ 14.) He was later charged in Akron Municipal Court with hindering an inspection, obstructing official business, and resisting arrest. (*Id.* ¶ 15.)

On December 12, 2025, Taylor filed this § 1983 action alleging: (i) unlawful entry and seizure; (ii) excessive force; (iii) malicious prosecution; (iv) fabrication of evidence; and (v) municipal liability under *Monell*. (*Id.* ¶¶ 20–29.) Taylor also alleges that the Akron Municipal Prosecutor's Office engaged in prosecutorial misconduct and perpetuated fraud upon the Court. (*Id.* ¶¶ 30–31.) Taylor seeks "[c]ompensatory damages in the amount of Thirty Million Dollars[,]" "[p]unitive damages against the individual Defendants in their individual capacities[,]" and "[r]easonable attorney's fee and costs of this action pursuant to 42 U.S.C. § 1988[.]" (*Id.* at 4.)[1]

On December 16, 2025, Taylor filed a motion for appointment of counsel. (Doc. No. 3.) He states that his "[lack of] formal legal training[] . . . significantly hinders [his] ability to manage the complexities of this case." (*Id.* ¶ 1.) Taylor contends that "[d]ue to the legal intricacies and potential impact [of this case], professional legal assistance is crucial for a fair trial and proper evidence presentation." (*Id.* ¶ 5.) Yet, Taylor writes that "[he has] been unsuccessful in every attempt to secure legal representation as no one will take the case for reasons unknown to [him]" and "[his] financial situation mak[es] it impossible for [him] to afford private counsel." (*Id.* ¶¶ 6–7.) He therefore seeks the appointment of counsel. (*See generally id.*)

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

**II.     DISCUSSION**

There is no constitutional right to the appointment of counsel in a civil case. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (citation omitted). Rather, the authority to make such an appointment derives from 28 U.S.C. § 1915(e), and the right "is a privilege that is justified only by exceptional circumstances." *Id.* at 606 (citation omitted); *see Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). To determine whether exceptional circumstances warrant the appointment of counsel, courts should examine the type of case involved and the plaintiff's ability to represent himself. *See Lanier*, 332 F.3d at 1006 (citation omitted); *Lavado*, 992 F.2d at 606 (citations omitted).

Here, Taylor has failed to identify any exceptional circumstances that would justify the appointment of counsel. The claims involved in this § 1983 action are not complex, nor do the issues appear to involve any novel legal arguments. *See, e.g., Redd v. Conway*, 160 F. App'x 858, 863 (11th Cir. 2005) (district court did not abuse its discretion in refusing to appoint counsel where the issues raised in plaintiff's § 1983 excessive force and deliberate indifference action were not too novel or complex for plaintiff to represent himself); *Buchanan v. Lee*, 618 F. Supp. 3d 707, 712 (M.D. Tenn. 2022) (plaintiff did not demonstrate entitlement to appointment of counsel for § 1983 *ex post facto* challenge of a state law because the issues presented were not overly complex); *Mackey v. DiCaprio*, 312 F. Supp. 2d 580, 582 (S.D.N.Y. 2004) (plaintiff did not demonstrate entitlement to appointment of counsel for § 1983 excessive force action where the case did not present any complex or novel legal issues).

Taylor instead makes general reference to the challenges of proceeding *pro se*. He states that his lack of formal legal training "significantly hinders [his] ability to manage the complexities of this case." (Doc. No. 3 ¶ 1.) But generalized arguments such as this "[are] not enough to make the 'fact-specific' showing that exceptional circumstances justify the appointment of counsel." *Hymas v. United States Dep't of State*, No. 3:23-cv-336, 2025 WL 1136067, at *3 (E.D. Tenn. Apr. 17, 2025) (citing *Edwards v. Simpson*, 833 F.2d 1012 (6th Cir. 1987); *Brubaker v. Barrett*, 801 F. Supp. 2d 743, 763 (E.D. Tenn. 2011)), *reconsideration denied,* No. 3:23-cv-336, 2025 WL 1347319 (E.D. Tenn. May 8, 2025). And Taylor's indigence alone is not an exceptional circumstance. *See Buchanan*, 618 F. Supp. 3d at 712; *Horacek v. Carter*, No. 1:20-cv-11682, 2022 WL 21841898, at *2 (E.D. Mich. July 15, 2022). Because Taylor has not sufficiently explained why exceptional circumstances justify the appointment of counsel, his motion must be denied.

## III.   CONCLUSION

Only in exceptional circumstances must the Court provide a party in a civil case with an attorney. *Cavin v. Michigan Dep't of Corr.*, 927 F.3d 455, 461 (6th Cir. 2019) (citing *Lavado*, 992 F.2d at 606). Ultimately, Taylor has failed to point to any extraordinary circumstances that would warrant the appointment of counsel. Thus, Taylor's motion (Doc. No. 3) is **DENIED**.

**IT IS SO ORDERED**.

Dated: February 5, 2026

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**